IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

SHELBY KENNETH SHULL,

    Plaintiff,
v.                                                  CASE NO. 5:14-cv-44-RH-GRJ

OFFICER MAY, et al.,

    Defendants.

_____/

## **REPORT AND RECOMMENDATION**

This case is before the Court upon referral from the Clerk. On May 5, 2015 Defendants filed a motion to stay summary judgment proceedings and for an order to show cause requesting the Court to stay the dispositive motion deadline and to issue an order to show cause why the case should not be dismissed because Court orders mailed to Plaintiff were returned as undeliverable and the Florida Department of Corrections' online inmate locator reflected that Plaintiff was released from custody on March 22, 2015. Doc. 71. The Court granted the request and directed the Plaintiff to show cause on or before June 5, 2015, why the case should not be dismissed for failure to update his address. Doc. 73.

   Plaintiff has failed to respond to the show cause order, or update this address. The order to show cause was returned to this Court as undeliverable even though the Court sent the Order to Plaintiff's last known address, and to his address upon release, listed on the Florida Department of Corrections' online inmate locator. Docs. 74, 75, 76.

Defendants should not be required to expend their limited resources defending a

case that Plaintiff apparently no longer wishes to pursue.  Despite being released from state prison more than two months ago Petitioner has failed to provide the Court with an updated address, which suggests that he no longer intends to prosecute this case.

Plaintiff's failure to provide the Court with a valid address has the effect of saddling the Court with a stagnant case.  The Eleventh Circuit has stated that "the district court's power to control its docket includes the inherent power to dismiss a case[.]" *Quality Foods de Centro Am., S.A. v. Latin Am. Agribusiness Dev. Corp., S.A.,* 711 F.2d 989, 998 (11th Cir. 1983); *see also Burden v. Yates,* 644 F.2d 503, 505 (5th Cir. Unit B May 1981) ("It is also clear that a district court's power to control its docket includes the inherent power to dismiss a case."); *Hyler v. Reynolds Metal Co.,* 434 F.2d 1064, 1065 (5th Cir. 1970) ("It is well settled that a district court has inherent power to dismiss a case for failure to prosecute[.]").  Moreover, the Local Rules of the Northern District of Florida provide that when no satisfactory cause is shown as to why a case should not be dismissed, then the Court may dismiss an inactive case for want of prosecution.  N.D. Fla. Loc. R. 41.1(A).

Accordingly, it is respectfully **RECOMMENDED** that this case should be dismissed for failure to prosecute, all pending motions be terminated and the case should be closed.

**IN CHAMBERS** in Gainesville, Florida this 9th day of June, 2015.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

## **NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636**.